## Ralph Jester, Appellant, v. David S. Lee, Appellee.

### Gen. No. 6,182.   (Not to be reported in full.)

Appeal from the Circuit Court of Peoria county; the Hon. JOHN M. NIEHAUS, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed February 8, 1916.

### Statement of the Case.

Action by Ralph Jester, plaintiff, against David S. Lee, defendant, to recover commissions for the sale of real estate. From a judgment for plaintiff, defendant appeals.

CLARENCE W. HEYL and HARRY C. HEYL, for appellant; HEYL & McGRATH, of counsel.

EVANS & EVANS, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

### Abstract of the Decision.

1. BROKERS, § 7*—*when evidence sufficient to sustain finding that contract to sell property not made.* In an action by a broker for commissions, where it appeared that the owner had practically arranged a sale of property to the purchasers, evidence *held* sufficient

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to sustain a finding that the owner did not enter into a contract with the broker to find a purchaser for the property.

2. BROKERS, § 95*—*when requested instruction that plaintiff had furnished buyer properly refused.* In an action by a broker for commissions, a requested instruction including a holding that plaintiff had proved by the greater weight of evidence that he furnished the buyer, *held* properly refused, there being sufficient evidence to sustain a finding that a contract was not entered into.

3. INSTRUCTIONS, § 114*—*when requested instruction properly refused as inapplicable to issues.* In an action by a broker to recover commissions for the sale of real estate, a requested instruction that the measure of recovery was what the services were reasonably worth, *held* properly refused where no question of value of the services was in issue and it was uncontradicted that such services, if rendered, were worth more than plaintiff claimed.

4. BROKERS, § 84*—*what evidence inadmissible.* In an action by a broker for commissions, evidence that the officers of the purchaser and the seller of the property were not on speaking terms, and that an officer of the purchaser never talked with the seller about the purchase before a slip of paper with the price of property marked thereon, which the broker had received from the seller and had given to one officer of the purchaser, was given by such officer to another officer of the purchaser, *held* inadmissible where it was not claimed that such latter officer had seen the owner before he got the slip of paper, and it appeared that he did in fact go to the owner and negotiate the sale of the property.